J-A29002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.M.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.F. | : | |
| | : | |
| Appellant | : | No. 462 WDA 2021 |

Appeal from the Order Entered March 16, 2021
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-17-009381

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY BOWES, J.:        **FILED: FEBRUARY 8, 2022**

I respectfully dissent.  I disagree with the distinguished majority's conclusion that Father must reimburse Mother for fictional child care expenses that she did not incur.  For the reasons that follow, I would conclude that the trial court abused its discretion in denying Father's exceptions to this aspect of the hearing officer's recommendation, reverse the child support order adopting those recommendations, and remand for a recalculation of child support in light of striking the child care expenses.

The relevant statutory language provides that a trier-of-fact shall allocate childcare expenses paid by the parties as follows:

**(a) Child care expenses.**

(1) The trier-of-fact:

---

[*] Retired Senior Judge assigned to the Superior Court.

> (i) shall allocate reasonable child care expenses paid by the parties, if necessary to maintain employment or appropriate education in pursuit of income.
>
> (ii) may allocate reasonable child care expenses paid by the parties when the trier-of-fact imputes an earning capacity to a party as provided in Pa.R.C.P. No. 1910.16-2(d)(4)(i)(D).

Pa.R.C.P. 1910.16-6(a).

According to the learned majority, this statutory language makes it mandatory for the trier-of-fact "to allocate the costs of child care between the parents in proportion to each parent's income." Majority Memorandum at 6. Instantly, the hearing officer accepted as credible Mother's testimony about the cost of child care for Child's remote schooling while Mother would be at work and ignored Mother's voluntary sabbatical leave from work, assigning Mother her full-time earning capacity. Based on these determinations, the majority agrees with the trial court that the hearing officer did not err in allocating child care expenses that would have been necessary for Mother to maintain full-time employment, despite her actually taking a voluntary sabbatical leave to avoid incurring those child care expenses.[1] *Id*. at 5-6.

_____

[1] I am cognizant of the equitable dilemma regarding the imposition of a full-time earning capacity on Mother while depriving her of reimbursement for child care expenses that she would have incurred while working full-time during the COVID-19 pandemic. However, as discussed *infra*, the law only permits an obligation for child care when commensurate with current expenses, and Mother did not incur those expenses because she took an unpaid leave. Mother has not filed a cross-appeal challenging the imposition of an earning capacity, and therefore this Court may not address it *sua sponte*.

Regardless of the hearing officer's decision to assign Mother a full-time earning capacity while she was voluntarily on sabbatical leave and earning no income, I do not believe that the relevant statutory language or our case law support the allocation of fictional child care expenses. In **Portugal v. Portugal**, 798 A.2d 246, 256 (Pa.Super. 2002), this Court considered various claims concerning a support order. We began with our standard of review:

> The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Id*. at 249 (citation omitted).

Among other issues, we considered the husband's claim that the trial court abused its discretion in not permitting him to make payments directly to the children's child care provider as he alleged his wife did not provide the court with an accurate statement of the cost. We observed that the trial court calculated future child care expenses for 2001 by annualizing the expenses incurred in the first five months of 2001. The husband argued that this calculation did not accurately reflect the future child care expenses that would be incurred in the latter part of 2001 because the eldest child would become

---

Nonetheless, because I would reverse the child support order regarding child care costs, which was dependent on Mother being assigned an earning capacity, I would also remand for recalculation of the child support order.

- 3 -

a full-time student elsewhere in September 2001, and therefore the daycare expenses would only be for one child from September to December 2001, not two, which is what the court's calculation assumed. The wife countered that any reduction would not be dramatic as the parties would also lose their discount for enrolling multiple children in daycare. The trial court considered these arguments and concluded "that it would not reduce the parties' child care expenses because Husband submitted no proof of the occurrence or amount of any such reduction." *Id*. at 256 (quotation marks and citation omitted). We held that the trial court did not abuse its discretion in fashioning the initial calculation or in ordering the husband to send the payments to the wife. In doing so, we noted that the husband could "petition the trial court to modify his child support obligation if he determines that the current child care expenses are not commensurate with his current obligation." *Id*. at 256 n.3.

Applying our holding in *Portugal* to the instant case, I cannot agree with the conclusion of the learned majority. Mother has submitted no proof of the occurrence of any actual daycare expenses. Rather, she testified to what child care expenses would be if she were to continue working full time. However, as the record shows, Mother instead took a sabbatical leave to avoid incurring those child care expenses. Father's exceptions to the recommendations of the hearing officer did precisely what we advised the husband in *Portugal* to do, *i.e.*, petition the court to modify a support obligation if the current expenses are not commensurate with the currently

- 4 -

imposed obligation. Since the hearing officer imposed an obligation for child care upon Father that was not commensurate with any current expenses, I find the trial court abused its discretion in dismissing Father's exceptions in that regard.

Based on the foregoing, I would reverse the order of the trial court and, in light of striking the imposition of child care expenses that were not actually incurred, remand for the trial court to recalculate the child support order.[2] Thus, I am compelled to register this dissent.

---

[2] As I would reverse as to Father's first issue, I do not reach his second issue.